1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
8   LYLE AYOTTE,                    )    No. CV-11-0151-LRS
9                                   )    **ORDER RE SUMMARY**
                                    )    **JUDGMENT MOTIONS**
10                                  )
                 Plaintiff,         )
11                                  )
           vs.                      )
12                                  )
13  MICHAEL J. ASTRUE,              )
    Commissioner of Social          )
14  Security,                      )
15                                  )
16                                  )
                 Defendant.         )
17  _____ )

18         **BEFORE THE COURT** are Plaintiff's Motion For Summary judgment

19  (ECF No. 16) and Defendant's Motion For Summary Judgment (ECF No. 18).

20

21                        **JURISDICTION**

22         On June 22, 2004, Plaintiff filed his claim for Child Disability Benefits

23  and Supplemental Security Income.  The applications were denied initially on

24  October 7, 2004 and upon reconsideration on February 7, 2005.  After timely

25  requesting a hearing, Plaintiff, represented by counsel, appeared before

26  Administrative Law Judge ("ALJ") R.J. Payne on October 12, 2006. Plaintiff and

27  a Medical Expert, Margaret Moore, Ph.D., testified at that hearing.  On

28  November 3, 2006, ALJ Payne issued an unfavorable decision.   On May 21,

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-**          **1**

1   2007, the Appeals Council denied Plaintiff's request for reconsideration.  On

2   December 28, 2007, the case was remanded to the ALJ, pursuant to a stipulated

3   motion for remand.  A second hearing was held on October 3, 2008 in Spokane,

4   Washington.  On October 23, 2008, the ALJ issued an unfavorable decision

5   denying benefits.  The Appeals Council denied a request for review on March

6   25, 2011.  This decision is appealable to district court pursuant to 42 U.S.C. §

7   405(g) and 1383(c)(3).  On April 19, 2012, Plaintiff commenced this action.

8

9                          **STATEMENT OF FACTS**

10          The facts have been presented in the administrative transcripts, the ALJ's

11  decisions, the Plaintiff's and Defendant's briefs and will only be summarized

12  here.  At the time of the initial hearing administrative hearing, Plaintiff testified

13  he was 22 years old.  At the second administrative hearing, Plaintiff was 24 years

14  old.  Plaintiff, however, attained age 22 on September 9, 2006, which satisfies

15  his age requirement to apply for child insurance benefits.  Plaintiff alleges he

16  became disabled on September 10, 2002, due to severe lordosis.  (Tr. 57, 366,

17  461).

18

19                          **STANDARD OF REVIEW**

20          "The [Commissioner's] determination that a claimant is not disabled will

21  be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C.

22  § 405(g)...."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial

23  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

24  1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*,

25  888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and*

26  *Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant

27  evidence as a reasonable mind might accept as adequate to support a

28  conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "[S]uch

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-**          **2**

1  inferences and conclusions as the [Commissioner] may reasonably draw from the
2  evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir.
3  1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the
4  court considers the record as a whole, not just the evidence supporting the
5  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.
6  1989), quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980); *Thompson*
7  *v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

8      It is the role of the trier of fact, not this court to resolve conflicts in
9  evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one
10  rational interpretation, the court must uphold the decision of the ALJ. *Allen v.*
11  *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

12     A decision supported by substantial evidence will still be set aside if the
13  proper legal standards were not applied in weighing the evidence and making the
14  decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
15  433 (9th Cir. 1987).

16

17                           **ISSUES**
18     Plaintiff argues the ALJ erred in evaluating the medical opinions of Drs.
19  Pollack and Capes, regarding Plaintiff's mental limitations. Plaintiff argues that
20  the ALJ erred in deciding this case without requesting vocational expert
21  testimony. Additionally, Plaintiff argues the ALJ erred by rejecting the opinion
22  of a lay witness/vocational consultant, Ellen Nagourney.

23

24                         **DISCUSSION**
25  **SEQUENTIAL EVALUATION PROCESS**
26     An individual under the age of 18 is considered disabled if he "has a
27  medically determinable physical or mental impairment, which results in marked
28  and severe functional limitations, and which can be expected to result in death or

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-         3**

1  which has lasted or can be expected to last for a continuous period of not less
2  than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).

3          The Commissioner has established a three-step sequential evaluation
4  process for determining whether a child is disabled.  20 C.F.R. §416.924.  Step
5  one determines if the child is engaged in substantial gainful activities.  If he is,
6  benefits are denied.  20 C.F.R. §416.924(b).  If he is not, the decision-maker
7  proceeds to step two, which determines whether the child has a medically severe
8  impairment or combination of impairments.  20 C.F.R. §416.924(c).  If the
9  claimant does not have a severe impairment or combination of impairments, the
10 disability claim is denied.  If the impairment is severe, the evaluation proceeds to
11 the third step, which requires the child's impairment to meet, medically equal, or
12 functionally equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App.
13 1.[1]  20 C.F.R. §416.924(d).  If the impairment meets or equals one of the listed
14 impairments, the child is conclusively presumed to be disabled.

15

16 **ALJ'S FINDINGS**

17         At the second hearing on October 23, 2008, the Plaintiff, represented by
18 counsel, and Margaret Moore, Ph.D., a medical expert, testified in Spokane,
19 Washington.  The ALJ found Plaintiff had attained age 22 on September 9, 2006,
20 the day before his 22nd birthday.  The ALJ further found Plaintiff had not
21 engaged in substantial gainful activity since September 10, 2002, the alleged
22 onset date.  Since September 10, 2002, the ALJ found Plaintiff had severe
23 impairments, those being learning disorder, personality disorder, obesity and
24 back pain.  The ALJ found, however, that these impairments, including mental
25 impairments,  did not meet or medically equal any of the listed impairments.
26 Furthermore, the ALJ found Plaintiff has the residual functional capacity to

27 _____

28 [1]Part B provides the medical criteria for the evaluation of impairments of
   children under the age of 18.

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-          4**

perform medium work except he is moderately limited in his ability to set realistic goals or make plans independently of others and accept instructions and respond appropriately to criticism from supervisors and he should have limited contact with the general public.  Accordingly, the ALJ concluded on October 23, 2008 that based on the application protectively filed on June 22, 2004, the Plaintiff is not disabled prior to September 9, 2006, the date he attained age 22. Additionally, based on the application for supplemental security income filed on June 22, 2004, the Plaintiff is not disabled.

**MEDICAL EVIDENCE**

"[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff asserts generally that he is more limited, mentally, than the ALJ concluded in the October 23, 2008 Decision.  (Tr. 366-75).  Plaintiff contends that the ALJ did not properly consider nor reject the opinions of examining sources, namely Dennis R.  Pollack, Ph.D. and Robert Capes, Psy.D., regarding his psychological impairments.

The Commissioner argues that the ALJ properly relied upon other findings in the record, supported by objective testing, that contradicted the opinions of Drs. Pollack and Capes.  (Tr. 372-73).

A.    Robert Capes, Psy.D.

On September 23, 2004, Robert Capes, PsyD, administered a Mental Status Examination and the Wechsler Adult Intelligence Scale-III.  Dr. Capes was of the opinion that Plaintiff had a learning disorder, not otherwise specified ("NOS"), as well as depression, NOS.  Dr. Capes determined that Plaintiff had a

**ORDER RE SUMMARY JUDGMENT MOTIONS-**        **5**

full scale IQ score of 90, verbal IQ score of 82, and a performance IQ score of 102. Dr. Capes stated that due to Plaintiff's self-reported difficulties in being with others and possible difficulties with authority, it would be problematic for him to work in a situation that required interaction with others.  Dr. Capes stated that if Plaintiff could learn computer technology and work in a situation with only a few people, he might be successful.  Dr. Capes stated that Plaintiff's level of awareness of the world around him appeared of no real interest, so his fund of information about "worldly things" appeared quite low.  (Tr. 157-161).

B.     Dennis Pollack, Ph.D.

On September 21, 2006, Dr. Pollack, a consultative examiner, administered the Minnesota Multiphasic Personality Inventory-2; Millon Clinical Multiaxial Inventory-III; Mental Status Examination; Wisconsin Card Sorting Test-CV-111; Stroop Color Word Test; and Aphasia Screening Test  (Tr.  281). Dr. Pollack diagnosed Plaintiff with a pain disorder associated with both psychological factors and a general medical condition, as well as a learning disorder, NOS.  Dr. Pollack also gave Plaintiff a rule out diagnosis of schizotypal personality disorder (Tr. 286).  It was Dr. Pollack's opinion that Plaintiff would have moderate work-related limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, as well as complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 281-290).  Dr. Pollack stated that "[Plaintiff] was a poor historian and did not adequately describe his personality history, limitations or activities which prevents the examiner from making a clear diagnosis."  (Tr. 286).

**ORDER RE SUMMARY
JUDGMENT MOTIONS-          6**

1

2

        C.     Joyce Everhart, Ph.D., Margaret Moore, Ph.D., Allen D. Bostwick, Ph.D.

3

       As the ALJ noted in his decision, the medical expert Margaret Moore,

4

Ph.D., reviewed the medical record and testified that the Plaintiff's impairments

5

did not meet or equal a mental listing.  Dr. Moore found that in activities of daily

6

living, Plaintiff had none to mild restriction; in social functioning, Plaintiff had

7

mild to moderate difficulties.  With regard to concentration, persistence or pace

8

Plaintiff had none to mild difficulties.  With respect to episodes of

9

decompensation, Dr. Moore found Plaintiff experienced no episodes of

10

decompensation.  Dr. Moore noted that there was evidence that Plaintiff was

11

malingering his mental impairments, and noted that it was consistent with his

12

dependent lifestyles and sense of entitlement and desire for gain.  The ALJ

13

agreed with and adopted the assessment of Dr. Moore, which he noted was

14

consistent with, and supported by, the medical evidence of record.  (Tr. 370).

15

       The ALJ gave significant weight to the assessments done by Dr. Everhart

16

who, the ALJ noted in his decision, did thorough testing of the Plaintiff in July

17

2008.  (Tr. 373).  The ALJ noted in his decision that Dr. Everhart's tests showed

18

that the Plaintiff was malingering and exaggerating his mental-limitations.  (Tr.

19

369).  Dr. Everhart found that the Plaintiff only had mild mental limitations.  (Tr.

20

422-430).  Dr. Everhart reported Plaintiff's M-FAST indicated malingering with

21

regard to mental health symptoms.  Dr. Everhart gave the Plaintiff a Global

22

Assessment of Functioning ("GAF") of 70, which indicates some mild symptoms

23

or some difficulty in social, occupational, or school functioning, but generally

24

functioning pretty well with some meaningful interpersonal relationships.  (Tr.

25

369).  Dr. Everhart found that although Plaintiff had alleged back pain and a

26

learning disorder, he could do his activities of daily living and played complex

27

computer games most of the day, with up to 25 online players.  (Tr. 369, 425).

28

       The ALJ noted that Dr. Bostwick was able to review Plaintiff's entire

**ORDER RE SUMMARY JUDGMENT MOTIONS-**     **7**

1   current medical record and found Plaintiff had mild to moderate limitations in
2   social functioning, and possibly moderately limited in his ability to interact with
3   the general public, and accept instructions and respond appropriately to criticism
4   from supervisors.  (Tr. 372).  Dr. Bostwick also noted that Plaintiff was a slow
5   learner but was in the lower average range of intellectual functioning. Id.

6

7            D.    ALJ Properly Considered All Medical Evidence

8            The Court finds the ALJ properly considered all medical evidence,
9   including alleged mental limitations, and adequately explained the weight he
10  accorded to all medical opinions in his decision.   As the ALJ noted in his
11  decision, he gave little weight to the psychological assessment done by Dr.
12  Capes in September 2004.  The ALJ explained that Dr. Capes did very little
13  testing and relied heavily on the Plaintiff's subjective complaints.  Further, Dr.
14  Capes did not do testing to see that Plaintiff was malingering, so he believed the
15  Plaintiff had all the mental limitations he alleged.  (Tr. 372).

16           The ALJ explained the inconsistencies he found between the Plaintiff's
17  statements and the objective medical evidence, which he concluded undermined
18  Plaintiff's credibility.  (Tr. 371).  The ALJ also considered Plaintiff's
19  noncompliance with treatment.  (Tr. 372).  For example, the ALJ noted in his
20  decision that Plaintiff's primary physicians have repeatedly documented that
21  Plaintiff was noncompliant with his diet and medications.  Plaintiff also refused
22  to wear glasses to improve poor vision because he would rather wear sunglasses.
23  Id.

24           The ALJ also considered the frequency of the mental health treatment
25  Plaintiff received for his mental health problems which Plaintiff alleges are
26  disabling.  Id.  The ALJ explained in his decision that if the Plaintiff's mental
27  health problems were not severe enough to motivate him to seek treatment, it is
28  difficult to accept his assertion that they are disabling.  Id.

**ORDER RE SUMMARY
JUDGMENT MOTIONS-        8**

Finally, the ALJ noted that he did not give weight to the psychological evaluation and mental RFC done by Dr. Pollack for more than one reason. First, the ALJ noted that Dr. Pollack's evaluation was arranged by Plaintiff's representative, who uses Dr. Pollack extensively. Second, the ALJ noted in his decision that although Dr. Pollack always finds moderate to marked limitations in the Plaintiff's ability to perform activities within a schedule, maintain regular attendance and punctuality, complete a normal workday/week without interruptions due to mental symptoms, and maintain a consistent pace without unreasonable rest periods, these findings are inconsistent with his finding that Plaintiff was a poor historian and did not adequately describe his personal history, preventing Dr. Pollack from making a clear diagnosis. (Tr. 285-86). Third, these alleged moderate to marked mental limitations are inconsistent with Dr. Everhart's finding that Plaintiff was malingering and had a GAF of 70, indicating only mild mental limitations.

Plaintiff argues that the ALJ erred in stating that Dr. Pollack's evaluation was arranged by Plaintiff's representative who used Dr. Pollack extensively. Under Ninth Circuit law, Plaintiff argues that this stated observation was not a legitimate basis for rejecting Dr. Pollack's report. ECF No. 17 at 9. The Commissioner responds that this was harmless error at most and cited Ninth Circuit case law that held the opinion of a physician who is acting as an advocate is entitled to less weight. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (holding that a physician's opinion "entitled to less weight because he had agreed to become an advocate and assist in presenting a meaningful petition for Social Security benefits.").

The Court finds that the ALJ accorded appropriate weight to the various medical opinions in this case and explained his reasoning adequately in the decision. Further, the fact that Plaintiff's attorney sent him to Dr. Pollack for a psychological evaluation does not in itself provide a legitimate basis for rejecting

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-** **9**

1  Dr. Pollack's report.  Nonetheless, any purported error with respect to this issue
2  was harmless because the ALJ provided other reasons to reject Dr. Pollack's
3  opinion as discussed above.

4

5      **VOCATIONAL EXPERT TESTIMONY**

6      At step five, the Commissioner bears the burden to identify a significant
7  number of jobs in the national economy that the claimant can do. *Tackett v.*
8  *Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  Generally, an ALJ may utilize two
9  methods to make this determination: 1) by reference to the Medical-Vocational
10 Guidelines (Guidelines) at 20 C.F.R. pt. 404, subpt. P, app. 2; or 2) by eliciting a
11 vocational expert's testimony. Id.  In this case, the ALJ utilized the Guidelines
12 to find that Plaintiff was not disabled, given his age, education, work experience,
13 and residual functional capacity.  (Tr. 374, Finding No. 10; 20 C.F.R. pt. 404,
14 subpt. P, app. 2, § 203.28).

15      Plaintiff argues the ALJ was required to obtain vocational expert
16 testimony at the fifth step of the sequential evaluation to determine his mental
17 limitations and their effect on his ability to work. (ECF No. 17 at 10-11.)  The
18 Commissioner contends that Plaintiff's argument is based on his assertion that
19 the ALJ should have given more credit to the opinions of Drs. Pollack and
20 Capes.  Id.  Because the Court finds the ALJ properly rejected or accorded little
21 weight to these opinions, as discussed above, Plaintiff's argument regarding the
22 ALJ's step five findings lacks merit.  See *Stubbs-Danielson v. Astrue*, 539 F.3d
23 1169, 1175-76 (9th Cir. 2008) (upholding the step five finding where the
24 claimant's argument, that the vocational evidence was inaccurate, "simply
25 restates her argument that the ALJ's [residual functional capacity] finding did
26 not account for all her limitations").  The ALJ utilized the Guidelines to find that
27 Plaintiff was not disabled, given his age, education, work experience, and
28 residual functional capacity.  The fact that a nonexertional limitation is alleged

**ORDER RE SUMMARY**
**JUDGMENT MOTIONS-          10**

1  does not automatically preclude application of the Guidelines. *Desrosiers v.*
2  *Sec'y of Health and Human Servs*., 846 F.2d 573, 577 (9th Cir. 1988).

3      The Commissioner argues the more precise issue is whether Plaintiff's
4  mental limitations were significant enough to erode the occupational base, which
5  was not addressed by Plaintiff.  Therefore, the Court finds that Plaintiff has
6  waived review of that purported issue.   Plaintiff has not set forth any further
7  arguments as to why vocational expert testimony was mandatory in this case.
8  This Court concludes that based on the ALJ's findings, which are supported by
9  inferences reasonably drawn from the record, and his conclusion that Plaintiff
10  did not have significant non-exertional limitations, vocational expert testimony
11  was not required.

12

13      **LAY WITNESS' OPINION**

14      Plaintiff argues the ALJ should not have rejected the April 2007 opinion
15  of Ellen Nagourney, a vocational consultant who reviewed Plaintiff's medical
16  records at the request of Plaintiff's representative and concluded Plaintiff was
17  incapable of any substantial gainful employment.  (Tr. 309-12; ECF No. 17 at
18  11-12).  Plaintiff's counsel asked Ms. Nagourney to provide an opinion about
19  his ability to work, based upon the limitations discussed in the opinions of Drs.
20  Pollack and Capes, among others.  (Tr. 309).

21      The Commissioner reasons that the ALJ properly gave no weight to this
22  opinion because it assumed Plaintiff had certain limitations that the ALJ
23  ultimately rejected.  (Tr. 373).  The Court agrees based on the analysis above
24  regarding the opinions of Drs. Pollack and Capes.  An ALJ is "not bound to
25  accept as true the restriction presented in a hypothetical [vocational] question
26  propounded by a claimant's counsel." *Magallanes v. Bowen*, 881 F.2d 747, 756
27  (9th Cir. 1989).   Rather, an ALJ is "free to accept or reject . . . restrictions
28  [advanced by the claimant] so long as they are supported by substantial

**ORDER RE SUMMARY
JUDGMENT MOTIONS-          11**

1  evidence." *Id.* at 756-57 (quoting *Martinez v. Heckler*, 807 F.2d 771 (9th
2  Cir.1986).  This Court found above that the ALJ made specific findings
3  justifying his decision to accord little weight to the opinions of Drs. Pollack and
4  Capes.  The ALJ's conclusion that Plaintiff is not disabled represents a rational
5  interpretation of the evidence.
6
7                              **CONCLUSION**
8         Plaintiff's Motion For Summary Judgment (ECF No. 16) is **DENIED** and
9  Defendant's Motion For Summary Judgment (ECF No. 18) is **GRANTED**.
10 Pursuant to 42 U.S.C. §405(g), the Commissioner's decision denying benefits is
11 **AFFIRMED**.
12        **IT IS SO ORDERED.**  The District Executive shall enter judgment
13 accordingly and shall forward copies of the judgment and this order to counsel.
14        **DATED** this 15th  of January, 2013.
15
16                              *s/Lonny R. Suko*
17                        ───────────────────────────
                              LONNY R. SUKO
18                        United States District Judge
19
20
21
22
23
24
25
26
27
28

**ORDER RE SUMMARY
JUDGMENT MOTIONS-            12**